UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDRA YOUNG,

        Petitioner,               Civil No. 01-10094
                                              Honorable David M. Lawson

v.

PAUL RENICO,

        Respondent.
_____/

**ORDER GRANTING THE PETITIONER'S MOTION TO APPEND SIGNED
AFFIDAVIT TO PENDING RULE 60(b)(6) MOTION AND MOTION TO FILE
SUPPLEMENTAL MATERIALS, AND TRANSFERRING CASE TO THE COURT OF
APPEALS UNDER 28 U.S.C. 2244(b)(3)(A)**

      The petitioner Ardra Young, presently confined at the Pine River Correctional Facility in St. Louis, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenged his convictions on two counts of first-degree murder and two counts of felony firearm. On January 23, 2007, the Court denied the petition. The matter is now before the Court on the petitioner's motion for relief from judgment under Fed. R. Civ. P. 60(b)(6), his motion to append signed affidavit to the 60(b)(6) motion, and his motion to file a supplemental pleading pursuant to Fed. R. Civ. P. 15(d). For the reasons stated below, the Court will grant the motion to append and the motion to file a supplemental pleading and transfer the case to the U.S. Court of Appeals for the Sixth Circuit.

      In his habeas petition, the petitioner raised the following four claims:

I.      Petitioner was denied his Fourth, Fifth, Sixth, and Fourteenth Amendment rights when the Detroit Police subjected him to a custodial interrogation without probable cause, used the illegal detention to extract a "confession," defense counsel failed to move for suppression on the basis of an illegal arrest, and the trial court erred in its adjudication of the ultimate "in custody" determination.

II. Petitioner was denied his First, Fifth, Sixth, and Fourteenth Amendment rights when the prosecutor made improper and prejudicial forays into the religious beliefs of a state witness, explored petitioner's religious beliefs and opinions through this witness, disparaged petitioner's religious beliefs and opinions, engaged in religious-based closing arguments, and defense counsel failed to lodge a contemporaneous objection.

III. Petitioner was denied his Fifth, Sixth, and Fourteenth Amendment rights by the trial court's abuse of discretion in admitting improper rebuttal testimony concerning a collateral issue injected into the case by the prosecutor during re-cross examination of petitioner over the objection of defense counsel, and the Michigan Court of Appeals failed to address this issue on petitioner's appeal of right.

IV. Petitioner was denied his Fifth, Sixth, and Fourteenth Amendment rights when the prosecutor improperly cross-examined a critical defense witness, argued the effect of evidence not entered into the record, vouched for a police witness, bolstered the testimony of a police witness, and defense counsel failed to object thereto.

After the Court denied the petition, the petitioner filed a motion to alter or amend the judgment, which the Court construed as a motion under Federal Rule of Civil Procedure 60(b). The Court ordered that the petitioner be appointed counsel. The Court ultimately granted the motion, vacated the order denying the petition, ordered an evidentiary hearing on the question of whether the petitioner's counsel was ineffective for failing to move to exclude his statement as the fruit of an illegal arrest, and referred the matter to Magistrate Judge Charles E. Binder. Magistrate Judge Binder conducted the hearing and issued a report recommending that the petition be denied on this issue. The Court agreed with the magistrate judge's reasoning that counsel was not ineffective for failing to raise this Fourth Amendment claim because the claim was without merit and adopted the magistrate judge's recommendation on this issue. *See Kimmelman v. Morrison*, 477 U.S. 365, 374-75 (1986) (holding that when an ineffective assistance of claim is premised on an allegation of failure to pursue a Fourth Amendment claim, the petitioner first must prove that the Fourth

Amendment claim is meritorious). The Court also incorporated its reasoning from the original, vacated opinion and order as to the other issues raised in the petition, and denied the petition for lack of merit on the grounds presented.

The petitioner filed an appeal in the court of appeals, which affirmed the denial of habeas relief. *Young v. Renico*, No. 07-1265 (6th Cir. Sept. 21, 2009). The petitioner then filed the present motion for relief from judgment in this Court.

Several days after filing his motion for relief from judgment and appendix in support, the petitioner filed a motion to append a signed affidavit to the motion. The petitioner stated that the appendix which he originally filed mistakenly contained an unsigned affidavit. In the motion, the petitioner seeks to correct this error by filing a signed affidavit. The Court finds this request to be reasonable and will grant the motion.

On May 19, 2010, the petitioner also moved to file a supplemental pleading under Rule 15(d) of the Federal Rules of Civil Procedure. The petitioner wishes to supplement his Rule 60(b)(6) motion with a letter from the City of Detroit Law Department Assistant Corporation Counsel in response to a FOIA request filed on the petitioner's behalf by one of his relatives and the enclosed hand-written one-page note prepared by the Detroit Police Department that states that the petitioner was arrested at 12:20 p.m. on February 9, 1997 and that the arresting officer was "Inv. Ike Smith." The petitioner argues that this note sheds light on a legally significant event and tends to prove that the petitioner was arrested at the time during which, the respondent acknowledged, probable cause for arrest did not exist. Rule 15(d) of the Federal Rules of Civil Procedure authorizes a party to seek the Court's permission to "serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R.

Civ. P. 15(d). However, Rule 15(d) does not apply where the petitioner does not seek to supplement a "pleading," as this term is defined in Rule 7(a) & (b). *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177 (10th Cir. 2005) (refusing to apply Rule 15 to a motion under Rule 60(b)). Therefore, the Court will construe the petitioner's motion as one for the Court's leave to append the designated materials to his Rule 60(b) motion, and will grant it for the same reasons it granted the petitioner's motion to append the signed affidavit.

However, the Court may not consider the merits of the petitioner's Rule 60 motion. Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). A federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the U.S. Court of Appeals for the Sixth Circuit regardless of how meritorious the claim appears to be. *Id.* at 971; *see also In Re Sims*, 111 F.3d 45, 47 (6th Cir.1997). This requirement transfers to the court of appeals a screening function performed by the district courts in the past. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Here, the petitioner seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). In *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005), the Supreme Court explained that a Rule 60(b) motion is distinguished from a second or successive petition under 28 U.S.C. § 2244(b) by the fact

that the latter contains one or more "claims." A Rule 60(b) motion does not. *Id*. at 530-31. For the purposes of § 2244(b), a "claim" is "an asserted federal basis for relief from a state court's judgment of conviction." *Id*. at 530. By contrast, a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings." *Id*. at 532. A habeas petitioner's Rule 60(b) motion "that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition ." *Id*. at 534 (emphasis in original). A Rule 60(b) motion is a successive habeas petition if it "seek[s] leave to present 'newly discovered evidence' . . . in support of a claim previously denied." *Id*. at 531

The petitioner says that his motion does not amount to a second or successive habeas petition because he is attacking a defect in his habeas proceedings – the court of appeals' failure to reach the merits of certain of his claims. This argument is unpersuasive for two reasons. First, this Court lacks the power to review the rulings of a higher court and therefore may not address whether the court of appeals correctly decided the petitioner's claims. Second, the Court disagrees with the petitioner's characterization of his motion. The motion seeks to present newly discovered evidence that purportedly supports the petitioner's Fourth Amendment claim and related ineffective assistance of counsel claim. Contrary to the petitioner's contention, his Rule 60(b) motion is not merely an attempt to rectify a defect in the habeas proceedings, but instead reasserts the substance of the petitioner's claim and constitutes an impermissible attack on this Court's previous resolution of the claim on the merits. This is not a proper ground for a Rule 60(b) motion. *See Henderson v. Collins*, 184 F. App'x 518, 523 (6th Cir. 2006). In other words, the petitioner's Rule 60(b) motion seeks to vindicate his Fourth Amendment and ineffective assistance of counsel claims because the petitioner is taking steps that lead inexorably to a merits-based attack on the prior denial of his habeas petition.

Because the petitioner's Rule 60(b) motion qualifies as a second or successive habeas petition, the petitioner is required to obtain authorization from the Sixth Circuit before he can file a new habeas petition. The petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly, it is **ORDERED** that the petitioner's motion to append signed affidavit to pending Rule 60(b)(6) motion [dkt. # 73] is **GRANTED**.

It is further **ORDERED** that the petitioner's motion to file a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d), construed as a motion to append supplemental materials to the petitioner's Rule 60(b) motion [dkt. # 75], is **GRANTED**.

It is further **ORDERED** that the Clerk of the Court shall **TRANSFER** this case to the Court of Appeals for the Sixth Circuit under to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: June 30, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 30, 2010.

s/Teresa Scott-Feijoo  
TERESA SCOTT-FEIJOO